UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID C. KOTULSKI,<br><br>                                     Plaintiff,<br>v.<br><br>FCA US LLC, a Delaware Limited Liability Company; and DOES 1 through 10, inclusive,<br><br>                                   Defendant. | Case No.: 3:17-cv-00527-AJB-BGS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS, AND EXPENSES**<br><br>**(Doc. No. 78)** |

Before the Court is Plaintiff David C. Kotulski's ("Plaintiff") motion for attorneys' fees, costs, and expenses. (Doc. No. 78.) Defendant FCA US LLC ("FCA") opposed the motion. (Doc. No. 85.) For the reasons stated herein, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's motion, with a reduction of fees as set forth in detail below.

**I.    BACKGROUND**

This case arises out of the purchase of a new 2011 Jeep Grand Cherokee ("the Vehicle") for a sales price of $43,484.48. The Vehicle was manufactured and distributed by Defendant FCA US LLC, which provided a written warranty with the Vehicle. Within the applicable warranty period, the Vehicle exhibited repeated stalling, intermittent harsh shifting or jerking, issues recognizing key fob, transmission unable to shift to park, rear lamp assembly replacement, engine misfire, U connect system malfunction, and various recalls. Despite numerous attempts by FCA to fix Plaintiff's Vehicle, the problems

1

persisted. Plaintiff eventually contacted FCA customer service in October 2015, and requested they repurchase the Vehicle. FCA rejected Plaintiff's request. Plaintiff filed his Complaint in San Diego Superior Court on July 21, 2016, alleging violations of the Song-Beverly Act and fraudulent concealment. The action was removed to this Court on March 16, 2017. On November 4, 2019, the parties filed a joint settlement. On December 10, 2019, Plaintiff filed his motion for attorneys' fees, costs, and expenses, and FCA opposed the motion. (Doc. Nos. 78, 85.) This order follows.

## II.     LEGAL STANDARD

"In a diversity case, the law of the state in which the district court sits determines whether a party is entitled to attorney fees, and the procedure for requesting an award of attorney fees is governed by federal law." *Carnes v. Zamani*, 488 F.3d 1057, 1059 (9th Cir. 2007); *see also Mangold v. Cal. Public Utilities Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995) (noting that in a diversity action, the Ninth Circuit "applied state law in determining not only the right to fees, but also in the method of calculating the fees").

As explained by the Supreme Court, "[u]nder the American Rule, 'the prevailing litigant ordinarily is not entitled to collect a reasonable attorneys' fee from the loser.'" *Travelers Casualty & Surety Co. of Am. v. Pacific Gas & Electric Co.*, 549 U.S. 443, 448 (2007) (quoting *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247 (1975)). However, a statute allocating fees to a prevailing party can overcome this general rule. *Id.* (citing *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 717 (1967)). Under California's Song-Beverly Act, a prevailing buyer is entitled "to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action." Cal. Civ. Code § 794(d).

The Song-Beverly Act "requires the trial court to make an initial determination of the actual time expended; and then to ascertain whether under all the circumstances of the case the amount of actual time expended, and the monetary charge being made for the time

expended are reasonable." *Nightingale v. Hyundai Motor America*, 31 Cal. App. 4th 99, 104 (1994). The court may consider "factors such as the complexity of the case and procedural demands, the skill exhibited, and the results achieved." *Id.* If the court finds the time expended or fee request "is not reasonable under all the circumstances, then the court must take this into account and award attorney fees in a lesser amount." *Id.* "A prevailing buyer has the burden of showing that the fees incurred were 'allowable,' were 'reasonably necessary to the conduct of the litigation,' and were 'reasonable in amount.'" *Id.* (quoting *Levy v. Toyota Motor Sales, U.S.A., Inc.*, 4 Cal. App. 4th 807, 816 (1992)); *see also Goglin v. BMW of North America*, LLC, 4 Cal. App. 5th 462, 470 (2016) (same). If a fee request is opposed, "[g]eneral arguments that fees claimed are excessive, duplicative, or unrelated do not suffice." *Premier Med. Mgmt. Sys. v. Cal. Ins. Guarantee Assoc.*, 163 Cal. App. 4th 550, 564 (2008). Rather, the opposing party has the burden to demonstrate the hours spent are duplicative or excessive. *Id.* at 562, 564; *see also Gorman v. Tassajara Dev. Corp.*, 178 Cal. App. 4th 44, 101 (2009) ("[t]he party opposing the fee award can be expected to identify the particular charges it considers objectionable").

## III. DISCUSSION

As a prevailing buyer, Plaintiff is entitled to an award of fees and costs under the Song-Beverly Act. *See* Cal. Civ. Code § 1794(d); *see also Goglin*, 4 Cal. App. 5th at 470. Here, Plaintiff moves the Court: (1) for an award of attorneys' fees pursuant to California Civil Code § 1794(d) under the "lodestar" method in the amount of $48,300.00[1], (2) for a "lodestar" modifier of 0.5 under California law, in the amount of $24,150.00, and (3) to award actual costs and expenses incurred in the amount of $29,162.95. Plaintiff requests a total of $101,612.95 in attorneys' fees, costs, and expenses. (Doc. No. 78-1 at 7.) FCA acknowledges Plaintiff is entitled to recover attorneys' fees and costs, but argues the amount requested is unreasonable and should be reduced. (Doc. No. 85 at 5–6.)

---

[1] This total amount is slightly modified from Plaintiff's briefing to account for the actual time Plaintiff's counsel spent on drafting the reply brief in support of the motion for attorneys' fees.

### A. Plaintiff's Motion for Attorneys' Fees

First, Plaintiff seeks $27,785.00 for work completed by the Knight Law Group ("KLG") and $20,515.00 for work completed by KLG's co-counsel, Wirtz Law. (Doc. No. 78-1 at 13.) This totals $48,300.00 in attorneys' fees for both law firms.

#### 1. Hours Worked by Counsel

A fee applicant must provide time records documenting the tasks completed and the amount of time spent. *See Hensley v. Eckerhart*, 461 U.S. 424, 424 (1983); *Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 945–46 (9th Cir. 2007). Under California law, a court "must carefully review attorney documentation of hours expended" to determine whether the time reported was reasonable. *Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001) (quoting *Serrano v. Priest*, 20 Cal.3d 25, 48 (1977)). Thus, evidence provided by the fee applicant "should allow the court to consider whether the case was overstaffed, how much time the attorneys spent on particular claims, and whether the hours were reasonably expended." *Christian Research Inst. v. Alnor*, 165 Cal. App. 4th 1315, 1320 (2008). The court must exclude "duplicative or excessive" time from its fee award. *Graciano v. Robinson Ford Sales, Inc.*, 144 Cal. App. 4th 140, 161 (2006); *see also Ketchum*, 24 Cal. 4th at 1132 (stating "inefficient or duplicative efforts [are] not subject to compensation").

The billing records submitted by KLG indicate that its attorneys expended 76.1 billable hours on this case, while Wirtz Law billed 55.7 hours to the matter. (Doc. No. 78-2 at 35; Doc. No. 78-3 at 12.) FCA objects to the reported hours, arguing there was duplication, as well as other excessive rates or time billed. (Doc. No. 85 at 6–11.) In particular, FCA lists numerous objections where billing entries were either excessive, duplicative, or included clerical work. The Court will address each objection below:

- FCA objects to the $1,040.00 billed by partner Richard M. Wirtz of Wirtz Law to get up to speed, and "[r]eview and analyze client file." (Doc. No. 78-3 at 9.) The Court finds that this entry is mostly reasonable to ensure that counsel is up to date in the matter. However, the Court will, in its discretion,

4

reduce the fees by $300.00 to ensure that reasonable time was spent on this activity.

- FCA disputes three entries totaling $1,265.00 billed by KLG for what Plaintiff's counsel offers to the public as a "free evaluation." (Doc. No. 85 at 7.) FCA maintains these entries are undated, and there is no evidence that a fee agreement was even in place when these tasks occurred. (*Id.*) The Court agrees with FCA and in its discretion, will exclude $700.00 from KLG's recoverable fees.

- FCA objects to the $2,065.00 billed by attorney Amy Morse of KLG for the 5.9 hours spent drafting written discovery. FCA contends Plaintiff's counsel propounds the same discovery requests in every lemon law action KLG brings against FCA on behalf of different plaintiffs. (Doc. No. 85 at 8.) While Plaintiff argues these amounts are reasonable, the Court agrees with FCA that these amounts are slightly excessive particularly given that Amy Morse is a partner at KLG, and this level of work should primarily consist of adapting templates. Thus, the Court, in its discretion, will reduce KLG's recoverable fees by $1,000.00.

- In FCA's next objection, FCA opposes the $2,795.00 billed by attorney Alistair Hamblin of KLG for drafting Plaintiff's motion to remand, which was ultimately denied. (Doc. No. 85 at 8.) Because the Court denied the motion, and because the motion would have been a template-driven exercise, the Court will reduce KLG's fees by $2,795.00. *See Ferrigno v. Philips Elecs. N. Am. Corp.*, No. C-09-03085 RMW, 2009 WL 10692955, at *5 (N.D. Cal. Nov. 5, 2009) ("Plaintiff seeks to recover reasonable attorneys' fees incurred as a result of litigating against defendants' removal. [] Plaintiff's motion is denied. Because the court has denied the motion to remand, there is no basis upon which to award attorneys' fees.").

- FCA seeks for the Court to exclude $325.00 from KLG's fees. (Doc. No. 85 at 8.) FCA explains attorney Alistair Hamblin of KLG billed $2,210.00 for 6.8 hours spent attending the depositions of dealership personnel, including travel and drafting a memorandum. (*Id.*) Because KLG block-billed, it is unclear how much of the time was spent on travel versus conducting the deposition or drafting the memorandum. The deposition transcripts, however, indicate that the total deposition time was less than 2.5 hours. (*Id.*) FCA argues that courts routinely reduce the amount recoverable for travel by half, and thus, the Court should reduce the fees by $325.00. This amount represents one hour of travel time at $325/hr. The Court mostly agrees with FCA, but in its discretion, will reduce KLG's fees by $200.00 to ensure a reasonable rate for travel time. *See In re Washington Public Power Supply Sys. Dec. Lit.*, 19 F.3d 1291, 1298–99 (9th Cir. 1994).

- Similarly, attorney Constance Morrison of KLG billed $2,925.00 for 7.8 hours spent attending Plaintiff's deposition, including travel and drafting a memorandum. (Doc. No. 85 at 8.) Because KLG block-billed this time, it is unclear much how of the time was spent on travel versus on the deposition or on drafting the memorandum. FCA estimates that three hours were spent traveling and requests a $562.50 reduction. In its discretion, the Court will instead reduce KLG's fees by $300.00 to ensure a reasonable rate for travel time.

- Attorney Russell Higgins of KLG billed $1,935.00 for 4.3 hours spent attending Richard Schmidt's deposition, including travel and drafting a memorandum. (Doc. No. 85 at 9.) Because KLG block-billed this time, it is unclear much how of the time was spent on travel. FCA requests a $225.00 reduction. The Court will instead reduce KLG's fees by $100.00 to ensure a reasonable rate for travel time.

- Attorney Lauren Martin of KLG billed $1,292.50 for 4.7 hours spent attending Dr. Barbara Luna's deposition, including travel and drafting a memorandum. (Doc. No. 85 at 9.) Because KLG block-billed this time, it is unclear much how of the time was spent on travel. FCA requests a $137.50 reduction. The Court will instead reduce KLG's fees by $70.00 to ensure a reasonable rate for travel time.

- Attorney Jessica Underwood of Wirtz Law billed $4,000.00 for 10.0 hours spent attending Anthony Micale's deposition, including travel to and from the deposition. (Doc. No. 78-3 at 10.) Because Wirtz Law block-billed this time, it is unclear much how of the time was spent on travel. FCA requests a $800.00 reduction. The Court will instead reduce Wirtz Law's fees by $500.00 to ensure a reasonable rate for travel time.

- FCA points out attorney Kristina Stephenson-Cheang of KLG billed 2.9 hours, for a total of $1,087.50, to review and summarize Plaintiff's deposition, which lasted less than 2.5 hours. (Doc. No. 85 at 9.) FCA contends this amount should be excluded because a different attorney attended the deposition and also prepared a memorandum. (*Id.*) To account for any duplication in effort, the Court will reduce KLG's fees by $600.00.

- FCA next disputes the $330.00 billed by partner Steve Mikhov of KLG and the $360.00 billed by Erin Barns of Wirtz Law for reviewing, auditing, and billing. (Doc. No. 85 at 10.) The Court agrees Plaintiff's counsel may not be compensated for purely clerical and administrative tasks. *See Castillo-Antionio v. Iqbal*, 2017 WL 1113300, at *7 (N.D. Cal. Mar. 24, 2017). Thus, these amounts will be excluded from KLG and Wirtz Law's fees.

- FCA asserts there was duplication in Plaintiff's counsel's preparation of the Mandatory Settlement Conference statement. (Doc. No. 85 at 10.) Amy Rotman of Wirtz Law billed $900.00 for two hours spent drafting, reviewing,

and revising an MSC Statement. However, KLG represented in its invoice that Natalee Fisher billed $600.00 to draft the statement. (Doc. No. 78-2 at 24.) Plaintiff concedes "[i]t was a mistake for both KLG and Wirtz Law to prepare the MSC statement." (Doc. No. 87 at 5 n.1.) As Wirtz Law was trial counsel at the time, the Court will credit Wirtz Law's time completing this task, and deduct the duplicative $600.00 from KLG's fees.

- Finally, FCA takes issue with the time billed to draft the briefs in support of Plaintiff's motion for attorneys' fees. First, Wirtz Law billed $1,575.00 for drafting the instant fee motion. (Doc. No. 78-3 at 12.) Because the motion is largely a template-driven activity, the Court will reduce Wirtz Law's recoverable fees by $500.00 for the work completed on the motion. As to the reply brief, Wirtz Law billed $2,610.00 to draft the brief. (Doc. No. 87-3 at 2.) Because counsel has an abundance of experience in drafting replies in lemon law matters, and because the work should have been at least partially template-driven, the Court will reduce the amount recoverable for the reply brief by $1,000.00. Finally, Wirtz Law may not be compensated $1,350.00 for the "anticipated" time for traveling to and appearing for the hearing on instant fee motion. The hearing on this motion was vacated by the Court in its conclusion that the matter was suitable for determination on the papers. (Doc. No. 88.)

In summation, KLG's total recoverable fee amount is reduced by $6,695.00. This brings KLG's recoverable fees down to a total of $21,090.00. Wirtz Law's fees are reduced by $4,010.00. This places Wirtz Law's fees to a total of $16,505.00.

### 2. Hourly Rates

FCA next argues Plaintiff fails to offer any admissible evidence to support the hourly rates of their counsel for lemon law work. (Doc. No. 85 at 11.) However, the Court is satisfied with the bases for Plaintiff's counsels' hourly rates. Particularly, Plaintiff provides

8

ample evidence, including surveys of the hourly rates of similar attorneys with similar experience and qualifications. (Doc. No. 78-3 at 14.) Thus, the Court finds the rates cited for all attorneys supported by evidence and reasonable.

### 3. Lodestar Calculation

The lodestar method calculates attorneys' fees by "by multiplying the number of hours reasonably expended by counsel on the particular matter times a reasonable hourly rate." *State of Fla. v. Dunne*, 915 F.2d 542, 545 n.3 (9th Cir. 1990) (citing *Hensley*, 461 U.S. at 433); *see also Laffitte v. Robert Half Int'l Inc.*, 1 Cal. 5th 480, 489 (2016).

| LAW FIRM | LEGAL PROFRESSIONAL | HOURS | RATE | LODESTAR |
|---|---|---|---|---|
| **Knight Law Group** | Alastair Hamblin | 21.2 | $325 | $6,890.00 |
| | Amy Morse | 13.9 | $350 | $4,865.00 |
| | Constance Morrison | 7.8 | $375 | $2,925.00 |
| | Kristina Stephenson-Cheang | 13.9 | $375 | $5,212.50 |
| | Lauren Martin | 4.7 | $275 | $1,292.50 |
| | Natalee Fisher | 2.4 | $250 | $600 |
| | Russell Higgins | 7.1 | $450 | $3,195.00 |
| | Steve Mikhov | 5.1 | $550 | $2,805.00 |
| **Knight Law Group Total** | | | | $27,785.00 |
| | | | | |
| **Wirtz Law** | Richard M. Wirtz | 7.2 | $650 | $4,680.00 |
| | Jessica R. Underwood | 13.2 | $400 | $5,280.00 |
| | Andrea Munoz | 0.70 | $200 | $140.00 |
| | Rebecca Evans | 8.2 | $200 | $1,640.00 |
| | Amy R. Rotman | 6.4 | $450 | $2,880.00 |
| | Erin K. Barns | 13.1 | $450 | $5,895.00 |
| **Wirtz Law Total** | | | | $20,515.00 |
| **TOTAL** | | | | **$48,300.00** |

Here, with no adjustments to the reasonable hourly rates and hours, the total amount of fees for both KLG and Wirtz Law is $48,300.00. Taking into account the previously noted reductions, the total lodestar amount is $21,090.00 for KLG's fees and $16,505.00 for Wirtz Law's fees. Therefore, Plaintiff's counsels' total lodestar amount is **$37,595.00**.

### 4. Application of a Multiplier

Once a court has calculated the lodestar, "it may increase or decrease that amount by applying a positive or negative 'multiplier' to take into account a variety of other factors, including the quality of the representation, the novelty and complexity of the issues, the results obtained, and the contingent risk presented." *Laffitte,* 1 Cal. 5th at 504 (citation omitted); *see also Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001) (indicating the court may adjust the fee award considering "the following factors: (1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award.").

Here, Plaintiff seeks a 0.5 multiplier based on the risk of taking this case on a contingent fee basis, the substantial costs advanced, the result achieved, and the delay in payment. (Doc. No. 78-1 at 20.) Significantly, however, this case did not present particularly novel or difficult questions of law or fact. Indeed, the issues related to the alleged defect in FCA's vehicles were addressed in *Velasco, et al. v. Chrysler Group LLC*, Case No. 2:13–cv–08080–DDP–VBK and *Hall v. FCA US LLC*, Case No. 1:16-cv-0684-JLT. Thus, the issues presented in this action were not uniquely complex. *See Steel v. GMC,* 912 F. Supp. 724, 746 (N.J. Dist. 1995) ("the issues in lemon law litigation are not complex and do not require a significant amount of legal analysis or novel pleading"). Additionally, it is highly unlikely that the litigation of this specific case precluded counsel, as lemon law attorneys, from taking on other matters. Finally, the Court finds the contingent nature of the fee award is outweighed by the other factors, especially in this action where the disputed facts and issues to be resolved were minimal. Indeed, there was nothing unusual about this case that would put counsel at great risk for accepting the matter on a contingent basis. Accordingly, the Court declines to award a multiplier and finds the lodestar amount of $37,595.00 as reasonable.

### B. Plaintiff's Request for Costs

Plaintiff also requests $29,162.95 in costs. (Doc. No. 78-1 at 24.) FCA states it will

contest Plaintiff's purported costs and expenses after Plaintiff properly refiles his Bill of Costs in compliance with the Local Rules. (Doc. No. 85 at 6.) The Clerk of Court had directed that Plaintiff's "Bill of Costs must be filed within fourteen days after entry of judgment." (Doc. No. 80.) As such, the Court will defer ruling on Plaintiff's cost at this time. Plaintiff is to refile his Bill of Costs after entry of judgment.

## IV. CONCLUSION

Based upon the foregoing, the Court **ORDERS** as follows:

1. Plaintiff's motion for fees is **GRANTED** in the modified amount of **$37,595.00**; and

2. Plaintiff must **REFILE** his Bill of Costs in accordance with Local Rule 54.1.

**IT IS SO ORDERED.**

Dated: November 25, 2020

Hon. Anthony J. Battaglia
United States District Judge